UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LINDA REED,

        Plaintiff,

        v.                                                      Case No. 18-cv-0263-bhl

COMMONBOND HOUSING,

        Defendant.

## ORDER GRANTING MOTION TO DISMISS

On February 20, 2018, pro se plaintiff Linda Reed filed a complaint against Common Bond, LLC. ECF No. 1. On March 11, 2019, Chief Judge Pamela Pepper granted a motion by CommonBond Housing[1] ("CommonBond") to dismiss the complaint based on Reed's failure to comply with Federal Rule of Civil Procedure 8(a). ECF No. 36 at 18. In that Order, Chief Judge Pepper allowed Reed extra time to file her amended complaint and provided specific instructions on how Reed could cure the deficiencies in the complaint. *Id.* at 17–22. Reed filed an amended complaint on April 8, 2019. ECF No. 38. CommonBond then moved to dismiss the amended complaint on May 29, 2019. ECF No. 41. After the motion was fully briefed, the case was subject to judicial reassignment and the motion to dismiss remained long undecided. The long delay ends today. Because Reed did not follow Chief Judge Pepper's instructions and the complaint still does not comply with Rule 8(a), the Court grants the motion and dismisses the amended complaint.[2]

---

[1] In the original complaint, Reed named "Common Bond LLC" as the defendant and often referred to it as "Common Bond Communities" or "CBC." ECF No. 1 at 1. In the amended complaint, the defendant remains identified in the caption as "Common Bond LLC," and Reed refers to it as "Common Bond." ECF No. 38 at 1–2. It appears that Common Bond LLC was not served. CommonBond Housing was served, has consistently responded to Reed's filings, and manages the apartment complex involved in Reed's claims. ECF No. 42 at 1–2. CommonBond Housing states that it does not represent and has no relation to Common Bond, LLC. *Id.* at 2, n. 1. Accordingly, because it is clear that the defendant was previously misidentified, the Court directed the clerk to change the defendant's name to "CommonBond Housing."

[2] CommonBond's motion to dismiss, ECF No. 41, also argues that the amended complaint should be dismissed on 12(b)(6) grounds, for failure to state a claim for which relief can be granted. The Court does not reach this question.

Rule 8(a)(2) requires a complaint to contain "a short and plain statement showing the pleader is entitled to relief." Fed. R. Civ. P. 8; *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). The statement must give fair notice of each of the plaintiff's claims and the grounds on which those claims rest. *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018). "Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so." *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011). "[T]he issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is the appropriate remedy." *Id.* at 798. "It is even possible to justify dismissal with prejudice [under Rule 8] if the complaint remains incomprehensible after opportunity to amend." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (citation omitted).

In the Order dismissing Reed's original complaint, Chief Judge Pepper explained that the original complaint did not comply with Rule 8(a)(2) for several reasons:

- [The complaint] is not a "short and plain statement showing the plead[er] is entitled to relief." ECF No. 36 at 18 (citing Fed. R. Civ. P. 8(a)(2)).
- The plaintiff states many facts, but does not put them in chronological order, she often repeats the same facts, and scatters in citations to statutes and cases. *Id.*
- [M]any of the "allegations" are simply unsupported legal conclusions[.] *Id.*
- [The plaintiff] puts the words "upon information and belief" in front of many of her allegations; the complaint needs to contain allegations based on the plaintiff's *personal knowledge*, not based on information she got from someone else or information she believes may possibly be true. *Id.* at 19.
- The plaintiff also appears to have included unrelated claims in the same complaint. *Id.*
- All these issues cause both the defendant and the [C]ourt to have to try to figure out what the plaintiff really is getting at—who she believes harmed her, when they did it, and why. *Id.*

Chief Judge Pepper gave clear instructions for Reed if she chose to amend her complaint, directing Reed to state "facts that support her belief that the defendant was aware of the harassment, that the harassment was based on her membership in a protected class and that the defendant knew about it." *Id.* at 21. The Court emphasized, "[I]t is not enough for the plaintiff

to file an amended complaint that says, 'People in my building harassed me, and it was because I am disabled, and the defendant knew about it and didn't do anything.'" *Id.* Rather, the Court explained, Reed "must state facts that support [her] conclusions." *Id.* The Court also provided Reed with the Court's guide for pro se litigants and a blank complaint form and explained in detail how to complete the form. *Id.* at 22.

Reed did not follow Chief Judge Pepper's instructions. Her amended complaint is 11 pages long, sprawling, and includes facts alleging that parties other than CommonBond harmed her. ECF No. 38 at 6–9. The alleged facts are not in chronological order and are often repeated. *See* ECF No. 42 at 5. The pleading remains replete with unsupported legal conclusions. *See, e.g.*, ECF No. 38 at 3 ("[CommonBond] failed to accommodate [Reed's] disabilities."), 4 ("Reed alleges she was discriminated against in the terms of [her] lease."), 5 ("Reed alleges that [CommonBond's breach of lease] violated Reed's right to live without discrimination."). Some of Reed's allegations still rest on "information and belief" rather than on her personal knowledge. *See, e.g.*, *id.* at 3, 5. Allegations of harassment are not clearly linked to her membership in a protected class. *See, e.g.*, *id.* at 6, 7, 8. In sum, the amended complaint remains messy, confusing, and without readily identifiable claims.

For these reasons, the Court dismisses the complaint.

Dated at Milwaukee, Wisconsin on January 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge